### KRAUS v. CAMMANN et al.

(Supreme Court, Appellate Term, First Department.  May 9, 1916.)

BROKERS ☞86(8)—COMPENSATION—EVIDENCE.

    In a suit by one broker against another for a share in commissions received by the second for effecting a leasing, evidence *held* not to sustain a verdict for plaintiff for commissions on more than a part of the leased property, where the contract in regard to sharing commissions referred only to part of the premises, and the arrangement testified to by plaintiff covered only that portion.

    [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 117; Dec. Dig. ☞86(8).]

Appeal from City Court of New York, Trial Term.

Action by David Kraus against Herman Cammann and others. From a judgment for plaintiff, and an order denying a motion for new trial, defendants appeal. Reversed, and new trial granted.

See, also, 154 N. Y. Supp. 125.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

Delafield, Howe, Thorne & Rogers, of New York City (John M. Holzworth and John Ross Delafield, both of New York City, of counsel), for appellants.

Joseph Rosenzweig, of New York City, for respondent.

PENDLETON, J.  Appeal by defendants from a judgment entered on a verdict and from an order denying a new trial.  The action is brought by a real estate broker against another real estate broker to recover a share of a commission received by defendants on the leasing of certain property.  Plaintiff alleges an agreement between defendants and himself whereby, in the event of a sale, lease, or exchange of a certain parcel of real estate, plaintiff should have one-third of the commission.

It is not contradicted that a lease of the premises specified in the complaint with another parcel was effected and that a commission therefor was received by defendant.  At the trial plaintiff contended that under the contract he was entitled to one-third of the entire commission.  Defendant contended that the contract with plaintiff referred

only to a sale or exchange of the property referred to, and did not include a lease of the same, and that in no event could plaintiff be entitled to share in the commission as to any other property than 167–169 Pearl street specified in the complaint, and defendants requested the court to charge that, in the event the jury finds that the plaintiff is entitled to a verdict, his verdict is limited to one-third of the commission on the premises 167–169 Pearl street, and not to the whole property, including Mr. Eno's property and the building upon it. This was refused, and the jury returned a verdict for the full amount of one-third of the entire commission.

The jury must have found, therefore, that the contract covered a lease, as well as a sale or exchange, and included one-third of the entire commission received on the lease of the parcel 167–169 Pearl street and the other adjoining property. So far as the finding that the contract covered a lease as well as a sale or exchange is concerned, there was sufficient evidence to support it; but on the question as to the contract's including one-third of the commission on other property it was clearly against the weight of evidence. Not only does the contract, as set forth in the complaint, relate solely to the premises 167–169 Pearl street, but by no fair construction can the arrangement as testified to by plaintiff be held to be more than an agreement to share in any commission earned by the sale, exchange, or lease of the specific parcel of which plaintiff had charge. Giving the fullest significance to the language used, as testified by him, it fails utterly to show more than that. The suggestion that plaintiff was to receive one-third of the commission realized from the lease of other property than the one he represented is entirely unwarranted by the testimony of plaintiff himself as to the terms of the contract.

Judgment reversed, and new trial granted, with costs to appellants to abide the event. All concur.